**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARIEAN SORENSON, | Case No.: 2:26-cv-00757-APG-MDC |
| Plaintiff | **Order (1) Granting Defendants' Motion to Dismiss and (2) Denying Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction as Moot** |
| v. | |
| BUREAU OF LAND MANAGEMENT, et al., | [ECF Nos. 10, 11, 13] |
| Defendants | |

Ariean Sorenson[1] challenges the Bureau of Land Management (BLM) and two of its employees in its administration of the wild horses and burros program under the Wild Free-Roaming Horses and Burros Act (WHBA).  He asserts three claims for violation of (1) 18 U.S.C. § 641, which prohibits theft of government property, (2) the WHBA, and (3) the Procurement Integrity Act, the Anti-Deficiency Act, and 18 U.S.C. § 201, which prohibits bribery of government officials.  He moved for a temporary restraining order and a preliminary injunction without notice to the defendants, which I denied. ECF Nos. 7; 12.  After filing an amended complaint, he has renewed his motions for injunctive relief. ECF Nos. 10; 11.  The defendants oppose the motions for injunctive relief and move to dismiss the amended complaint.  Sorenson did not respond to the defendants' motion to dismiss.

Sorenson alleges that a BLM employee "purposefully convoluted the data" in aerial survey counts of wild horses and burros to "increase the count result and promote the Agency agenda." ECF No. 8 at 2.  He also alleges that BLM "management of excess wild horses and

---

[1] The government uses "she/her" pronouns to refer to Sorenson, but the amended complaint states Sorenson was injured "in his capacity as a member of the public trust." ECF No. 8 at 4.  I follow Sorenson's lead and use male pronouns in this order accordingly.

burros involved: (a) [their] removal from public lands; (b) holding [them] in short-term or temporary facilities; (c) [their] transfer to longer-term facilities for processing toward lawful adoption or sale (with restrictions); and (d) [the] placement of unadopted/unsold animals in long-term holding facilities." *Id.* at 3.  Finally, he alleges that Congress "directed the Secretary of the Interior to establish a Task Force to bring experts from all relevant agencies together to address the challenge of wild horses and burros" in a report that accompanied an appropriations bill and that the BLM did not form such a task force. *Id.*  Sorenson contends that there are no laws that allow the BLM to "(a) barter or exchange wild horses/burros as payment for services; (b) transfer animals to contractors as property outside the adoption/sale/destruction processes . . .; or (c) consign animals for transport with intent to cause death by slaughter," but he does not allege facts showing that the BLM engaged in these actions. *Id.*  Sorenson alleges that through the BLM's alleged violation of various statutes, he has "suffered injury in his capacity as a member of the public trust." *Id.* at 4.

I grant the defendants' motion to dismiss because Sorenson did not oppose the motion and because he pleaded claims under 18 U.S.C. §§ 201 and 641, the Anti-Deficiency Act, and the Procurement Integrity Act, which do not give rise to a private cause of action.  I therefore dismiss those claims with prejudice.  Sorenson also did not plausibly plead facts to support standing under Article III or a final agency action that was arbitrary, capricious, or contrary to law under the Administrative Procedure Act (APA).  I therefore dismiss without prejudice the WHBA claim, which must be pursued through the APA.  Because I grant the defendants' motion to dismiss, I deny Sorenson's motions for a temporary restraining order and a preliminary injunction as moot.

## I.    MOTION TO DISMISS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A.  Sorenson lacks standing because he does not show a concrete and particularized injury.

The defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because they argue that Sorenson does not have standing under Article III.  They contend that Sorenson has not articulated a concrete and particularized injury, that there is no causation tying their actions to his supposed injury, and accordingly, that no relief the court could provide would redress such an injury.  Sorenson did not respond to the motion to dismiss.

"Article III of the Constitution limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007).  "A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) (simplified).  The "irreducible constitutional minimum of [Article III]

standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation omitted). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* Each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

To establish injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (quotation omitted). To be particularized, the injury "must affect the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (quotation omitted). To be concrete, the injury must be "real, and not abstract." *Id.* at 340 (quotation omitted). Finally, to be actual or imminent, the alleged injury cannot be "too speculative" and must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (simplified). The Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014) (stating that generalized grievances do not present "cases" or "controversies" under Article III). A plaintiff cannot seek relief that "no more directly and tangibly benefits him than it does the public at large." *Lujan*, 504 U.S. at 573-74.

Sorenson does not plausibly allege that he suffered a concrete and particularized injury. In each cause of action, he alleges that he suffered an injury "in his capacity as a member of the public trust." ECF No. 8 at 4. He also states that he is a "beneficiary" of the public trust created

by the WHBA as a "taxpayer and member of the public." *Id.* at 1-2.  He does not allege that he experienced a harm different from any other member of the public at large, and he does not allege a harm that is individual or particular to himself.  Taxpayer status does not confer standing outside of a particular kind of taxing and spending challenge, nor does being a member of an alleged public trust. *See Flast v. Cohen*, 392 U.S. 83, 102 (1968); *Protect Our Parks, Inc. v. Chi. Park Dist.*, 971 F.3d 722, 731-32 (7th Cir. 2020).  Sorenson therefore does not present a case or controversy under Article III.  Additionally, he does not respond to the defendants' motion to dismiss and thus consents to my granting the motion. LR 7-2(d).

**B.  I dismiss Count One under 18 U.S.C. § 641 because Sorenson does not oppose the motion and lacks a private cause of action.**

Sorenson asserts a claim under 18 U.S.C. § 641, alleging "theft of, conversion of, or unauthorized conveyance of government property." ECF No. 8 at 4.  This claim is facially inconsistent as Sorenson also argues that the wild horses and burros that were allegedly stolen were "misclassified" as government property to begin with. *Id.*  Regardless, the defendants argue this claim fails because 18 U.S.C. § 641 is a criminal statute that does not create a private cause of action.  Sorenson does not respond to this argument, so as above, I grant the motion as unopposed but will consider the merits to determine whether leave to amend is appropriate.

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  A "bare criminal statute[] with absolutely no indication that civil enforcement of any kind was available to anyone" factors against implying a private cause of action, and § 641 is a criminal statute that does not indicate who may enforce it. *Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (limited on other grounds).  Other courts have consistently recognized that § 641 does not provide a private right of action. *See, e.g., Rouhi v.*

*Kettler*, No. 19-3052-SAG, 2020 WL 3451871, at *2-3 (D. Md. June 24, 2020); *Torres v. B&L Mach. & Fabrication, Inc.*, No. 2:23-cv-318, 2025 WL 802993, at *4 (E.D. Va. Feb. 12, 2025); *Ali v. Timmons*, No. 04-cv-0164E, 2004 WL 1698445, at *2 (W.D.N.Y. July 26, 2004). Therefore, Sorenson lacks a cause of action under 18 U.S.C. § 641. Although I ordinarily would grant leave for a pro se litigant like Sorenson to amend, I do not grant him leave to amend this claim because it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). I thus dismiss Sorenson's claim under 18 U.S.C. § 641 with prejudice.

**C. I dismiss Count Two under the WHBA because Sorenson does not oppose the motion and did not plead a claim through the Administrative Procedure Act.**

Sorenson alleges that the government's actions "bypass[ed] required humane management processes . . . and constitute[d] unauthorized conversion to private use or improper transfer" in violation of the WHBA. ECF No. 8 at 4. He alleges that a BLM employee "purposefully convoluted the data" to support a finding of overpopulation that enabled the agency to round up the animals and send them "to slaughter deaths." *Id.* at 2. Sorenson references *American Wild Horse Conservation v. Burgum*, 768 F. Supp. 3d 1291 (D. Colo. 2025), which struck an adoption incentive program, but he does not allege that the adoption program is continuing in violation of that order. Sorenson also claims that Congress required the BLM to create a task force to address wild horse and burro management and that it did not do so. The government argues that Sorenson does not identify a final agency action, does not plausibly allege a statutory or regulatory violation under the APA, and does not plead a failure-to-act claim under the APA. Sorenson does not respond to these arguments, so as above, I grant the motion as unopposed but will consider the merits to determine whether leave to amend is appropriate.

6

1.   Sorenson did not plead his WHBA claim through the Administrative Procedure Act.

The WHBA does not provide a private right of action and therefore, "challenges alleging violations of [the Act] are brought pursuant to the APA." *Am. Wild Horse Campaign v. Bernhardt*, 442 F. Supp. 3d 127, 143 (D.D.C. 2020).  To challenge a government violation of a statute under the APA's general review provisions, the plaintiff must identify a final agency action that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).  An agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  An agency action is final when (1) it "mark[s] the consummation of the agency's decisionmaking process" and (2) it is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (quotations omitted).

Sorenson alleges the APA provides jurisdiction for his amended complaint "to the extent agency actions are challenged as arbitrary, capricious, or contrary to law" but does not then challenge a BLM final agency action as arbitrary, capricious, or contrary to law. ECF No. 8 at 2. He alleges that a BLM employee convoluted data "to support the Agency agenda" and ultimately send the horses "to slaughter deaths" but does not identify a discrete final agency action that the

BLM took as a result.[2] *Id.* Construing Sorenson's complaint broadly, he challenges the general manner that the BLM conducts its management of wild horses and burros, alleging "removal from public lands," "holding in short-term or temporary facilities," "transfer to longer-term facilities for processing toward lawful adoption or restrictions," and "placement of unadopted/unsold animals in long-term holding facilities." *Id.* at 3. However, Sorenson "cannot seek wholesale improvement of [the BLM's management of the wild horse and burro program] by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made." *Nat'l Wildlife Fed'n*, 497 U.S. at 891 (simplified). Instead, Sorenson "must direct [his] attack against some particular 'agency action' that causes [him] harm." *Id.* Sorenson's amended complaint does not plausibly allege facts showing that a final agency action by BLM was arbitrary, capricious, or contrary to law, so I dismiss his WHBA claim without prejudice. Sorenson may amend his pleading if sufficient facts exist to do so.

      2.  <u>The BLM is not legally required to form a task force.</u>

Sorenson alleges that in 2022, a Congressional committee "directed the Secretary of Interior to establish a Task Force to bring experts from all relevant agencies together to address the challenge of wild horses and burros" according to a "report accompanying Public Law 117-103."[3] ECF No. 8 at 3. Sorenson does not attach this report. The appropriations bill itself did

---

[2] Sorenson challenges a particular horse round-up under the APA and the National Environmental Policy Act in his motions for a temporary restraining order and a preliminary injunction. I do not consider whether this round-up is a final agency action because he did not challenge it in his amended complaint. And I do not have authority to issue an injunction based on claims not pleaded. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

[3] Sorenson's allegations regarding the task force do not neatly fit into a "count" in his amended complaint, but I construe them broadly to be an alleged violation of the WHBA under Count Two. ECF No. 8 at 3-4.

not require the Secretary of the Interior to establish this task force. *See generally* Consolidated Appropriations Act 2022, PL 117-103, March 15, 2022, 136 Stat. 49. The government argues that even if Sorenson had properly pleaded his claim that the Secretary of the Interior failed to create the task force under § 706(1) of the APA, it would fail because he did not identify a "discrete agency action that [the agency] is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (simplified). Sorenson does not respond to this argument, so as above, I grant this motion as unopposed. And amendment would be futile because the appropriations bill did not require creation of the task force, so Sorenson did not identify an action that the government was required to take. I thus dismiss Sorenson's claim regarding the task force with prejudice.

**D. I dismiss Count Three under 18 U.S.C. § 201, the Procurement Integrity Act, and the Anti-Deficiency Act because Sorenson does not oppose the motion and the statutes do not create private causes of action.**

Sorenson asserts claims under 18 U.S.C. § 201, the Procurement Integrity Act, and the Anti-Deficiency Act, alleging that the BLM must "follow competitive bidding" and that "improper exchanges" may "constitute bribery . . . or improper obligation of funds." ECF No. 8 at 4. Sorenson does not allege facts plausibly showing that the BLM did not follow competitive bidding or that it entered improper exchanges. Regardless, the defendants argue this claim fails because these statutes do not create a private cause of action. Sorenson does not respond to this argument, so, as above, I grant the motion as unopposed but will consider the merits to determine whether leave to amend is appropriate.

Title 18 U.S.C. § 201 imposes criminal penalties for bribery of public officials and witnesses. As with § 641 above, § 201 is a bare criminal statute that does not imply a private

9

right of action, as other courts have ruled. *See, e.g.*, *Jud. Watch, Inc. v. Clinton*, 880 F. Supp. 1, 5 n.3 (D.D.C. 1995); *Davidson v. United States Dep't of State*, 113 F. Supp. 3d 183, 197 n.12 (D.D.C. 2015); *In re Kalsy*, No. MC 22-59 (RDM), 2022 WL 16921534, at *2 n.1 (D.D.C. Nov. 14, 2022).  Therefore, I do not grant Sorenson leave to amend his § 201 claim, and I dismiss it with prejudice.

The Procurement Integrity Act is codified at 41 U.S.C. §§ 2101-2107 and restricts disclosure of information regarding government contract awards. *See* 41 U.S.C. § 2102 titled "Prohibitions on disclosing and obtaining procurement information."  Section 2105(b) authorizes the Attorney General to "bring a civil action in an appropriate district court" against those who violate the act, and § 2105(c)(1) authorizes an aggrieved federal agency to seek administrative remedies.  Section 2105 does not provide for a private right of action, and "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Sandoval*, 532 U.S. at 290.  Accordingly, I do not imply a private right of action into the Procurement Integrity Act. *See Lockheed Martin Corp. v. The Boeing Co.*, No. 6:03-cv-796-ORL-28KRS, 2003 WL 22962789, at *4-6 (M.D. Fla. Oct. 28, 2003).  I therefore do not grant Sorenson leave to amend his claim based on the Procurement Integrity Act, and I dismiss it with prejudice.

The Anti-Deficiency Act is a collection of statutes that regulate federal spending and obligations in excess of apportioned funds. *See generally* 31 U.S.C. §§ 1301-1342, 1349-1351, 1502, 1511-1518, 1551-1557, and 41 U.S.C. § 6301.  These statutes authorize administrative and criminal penalties, but they do not provide for a private right of action. 31 U.S.C. §§ 1349-50, 1518-19.  Therefore, I do not imply a private right of action into the Anti-Deficiency Act statutes. *See Thurston v. United States*, 696 F. Supp. 680, 683 (D.D.C. 1988).  Accordingly, I do

not grant Sorenson leave to amend his claim under the Anti-Deficiency Act, and I dismiss it with prejudice.

## II.      CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 13) is GRANTED**. Sorenson's claims under 18 U.S.C. § 201 and § 641, the Procurement Integrity Act, the Anti-Deficiency Act, and that the BLM failed to create a task force are dismissed with prejudice. Sorenson's claim under the WHBA is dismissed without prejudice.

I FURTHER ORDER that Sorenson's motions for a temporary restraining order and preliminary injunction **(ECF Nos. 10, 11) are DENIED as moot**.

I FURTHER ORDER that Sorenson may file a second amended complaint by July 30, 2026 if sufficient facts exist to plausibly allege (1) Article III standing and (2) an APA claim.

DATED this 29th day of June, 2026.

_____

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

11